UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:16-CV-80855-MIDDLEBROOKS/BRANNON

TRIPLE7VAPING.COM, LLC,
and JASON W. CUGLE,

      Plaintiffs,

v.

SHIPPING & TRANSIT LLC,

      Defendant.
_____/

## ORDER GRANTING DEFENDANT'S AMENDED MOTION TO DISMISS

THIS CAUSE comes before the Court on Defendant Shipping & Transit, LLC's Amended Motion to Dismiss the Complaint, filed July 22, 2016. (DE 27). Plaintiffs filed a response on August 5, 2016 (DE 34), to which Defendant replied on August 8, 2016 (DE 35). Plaintiffs filed a surreply on September 8, 2016. (DE 40). For reasons stated below, the Amended Motion to Dismiss is granted.

## BACKGROUND

On May 31, 2016, Plaintiffs Triple7Vaping.com, LLC ("Triple7") and Jason Cugle ("Cugle") filed this action, alleging claims for declaratory judgment of non-infringement and invalidity of four patents purportedly owned by Defendant Shipping and Transit, LLC ("S&T"). (DE 1, "Compl.", at Counts I-VIII). Plaintiffs also alleged a claim under Maryland law, specifically Maryland Commercial Law § 11-1603. (*Id.* at Count IX). Section 11-1603 provides that "[a] person may not make an assertion of patent infringement against another in bad faith." Md. Code, Comm. Law § 11-1603.

Defendant filed a Motion to Dismiss the Complaint, arguing that by providing a covenant not to sue in favor of Plaintiffs, Plaintiffs have no standing to sue and, thus, the Court does not have subject matter jurisdiction over this case. (DE 16). Plaintiffs filed a response, essentially arguing that the covenant not to sue was ineffective. (DE 19).

Defendant provided another covenant not to sue to Plaintiffs (DE 26) and filed an Amended Motion to Dismiss, based in part on the new covenant not to sue. (DE 27). Defendant also argues there is no diversity jurisdiction because the amount in controversy is not satisfied. In response, Plaintiffs concede that the Court no longer has subject matter jurisdiction over the patent claims (Counts I-VIII). However, Plaintiffs argue that the Court has jurisdiction over the Maryland claim based on diversity and, if diversity jurisdiction is lacking, the Court has supplemental jurisdiction over the Maryland claim. Defendant filed a reply, arguing that attorneys' fees relied upon by Plaintiffs should not be considered as part of the amount in controversy, and that the Court should not exercise supplemental jurisdiction over the Maryland claim. (DE 35).[1] Plaintiffs argue in surreply that the Court must exercise summary judgment over the Maryland claim. (DE 40).

## STANDARD

A motion to dismiss pursuant to Rule 12(b)(1) raises the issue of subject matter jurisdiction. Federal courts have limited subject matter jurisdiction, and the party invoking the court's jurisdiction bears the burden of proving it exists. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Federal courts are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution. *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Article

---

[1] Plaintiffs filed a Motion for Hearing on the Amended Motion to Dismiss. (DE 36). I do not find a hearing is necessary to resolve the Amended Motion to Dismiss.

2

III of the Constitution confines the "judicial Power" of the United States to "Cases" and "Controversies." U.S. Const. art. III, § 2. Federal courts "have always taken this to mean cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "The law of Article III standing . . . serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013).

## DISCUSSION

**Patent Claims.** Defendant moves to dismiss the patent claims based on its covenant not to sue, which is filed on the docket (DE 26). Defendant argues that Plaintiffs lack standing to assert their patent claims because there is no longer a case or controversy. Plaintiffs concede Defendant's latest covenant not to sue "has stripped this court of jurisdiction to declare the patents not infringed or invalid in the context of a declaratory judgment claim." (DE 34 at 18). However, Plaintiffs argue that the Court can still declare Plaintiffs the prevailing party in order for Plaintiffs to "seek an 'exceptional case' finding under 35 U.S.C. § 285." (*Id.*). Because Plaintiffs concede the Court lacks subject matter jurisdiction over Plaintiffs' patent claims – Counts I-VIII – Defendant's Amended Motion to Dismiss Counts I-VIII is granted.[2] To the extent Plaintiffs seek attorneys' fees, they may file a motion at a later date.

---

[2] The Parties dispute whether the Court ever had subject matter jurisdiction over the patent claims, i.e., whether there was a case or controversy at the inception of this lawsuit. However, I need not address that issue to resolve the instant Motion because the Parties agree, at a minimum, that the Court lacks subject matter jurisdiction over the patent claims at this time.

**Maryland Claim.** Defendant moves to dismiss the Maryland claim for lack of subject matter jurisdiction. Because there is no jurisdiction over the federal patent claims, Defendant argues the only possible basis for subject matter jurisdiction over the Maryland claim is diversity jurisdiction.

A. <u>Diversity Jurisdiction.</u> A district court has original jurisdiction over a case between "citizens of different states" where the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). Defendant does not argue that the Parties are not diverse. However, the Complaint lacks sufficient allegations for the Court to assess whether the Parties are diverse. As to Plaintiffs, the Complaint alleges Cugle is a resident of Maryland (Compl. at ¶ 10) and that Triple7 was a limited liability company formed under Maryland law, with its principal place of business in Maryland (*id.* at ¶ 11).[3] Residence of an individual party is insufficient to establish citizenship. *See Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Additionally, the citizenship of Triple 7 is unclear. Triple7 was a limited liability company but Plaintiffs have failed to identify the members of Triple7 and the citizenship of those members. *See Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Plaintiffs similarly have failed to plead the citizenship of Defendant, which is also a limited liability company.

In addition to not establishing that the Parties are diverse, Plaintiffs have failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. Typically, dismissal for failure to meet the amount-in-controversy requirement is appropriate only "where the pleadings make it clear to a legal certainty that the claim is really for less than the

---

[3] Triple7 was terminated as a limited liability company in January 2016 and Cugle was designated as its resident agent for one year after termination. (*Id.* at ¶ 12).

jurisdictional amount." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citations omitted). However, "where jurisdiction is based on a claim for indeterminate damages, the [ ] 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).

Here, Defendant correctly notes that Plaintiffs claim indeterminate damages and have not proven by a preponderance of the evidence that the amount in controversy based on the Maryland claim exceeds $75,000. Defendant contends that prospective attorneys' fees should not be considered in calculating the amount in controversy and that Plaintiffs do not allege any other damages. Plaintiffs contend they meet the amount-in-controversy requirement based on the award of potential attorneys' fees in connection with the Maryland claim. (DE 34 at 19-22). They contend they have already incurred over $75,000 in attorneys' fees. Plaintiffs also contend that "Maryland law allows Plaintiffs to recover actual damages, attorneys' fees and costs, as well as exemplary damages in an amount that is the greater of: (i) $50,00 or (ii) three times the total damages, costs. Md. Comm. Law. § 11-1605(b)." (DE 34 at 21-22). Plaintiffs continue:

> Stated differently, Plaintiffs are entitled to recover, by statute, four times the amount of Plaintiffs' damages, costs, and fees. S&T does not dispute this. *See* Amended Motion [D.E. 27] at 7. Thus, if Plaintiffs damages, costs, and attorneys' fees amount to more than $18,750.25, Plaintiffs can recover $75,001, and thereby meet the amount-in-controversy requirement. On the date the complaint was filed, Plaintiffs' fees incurred by the work of attorney Vera Ranieri alone totaled over $25,000. Ranieri Declaration, at ¶ 12.

(*Id.*).

In reply, Defendant also argues that the Maryland statute upon which Plaintiff relies does not

allow an award of attorneys' fees absent an award of damages. Defendant argues that Plaintiff has failed to plead damages resulting from any alleged violation of § 11-1603, to justify an award of damages under § 11-1605(b). Additionally, Defendant argues that the statute, as written, does not envision that attorney's fees are part of a target's damages. Plaintiffs do not specifically address these arguments in surreply.

"When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). The Maryland statute upon which Plaintiffs rely allows for a prevailing target to recover attorney's fees provides:

> (b) If a target prevails in an action brought under this subtitle and is awarded damages, the court also may award:
>     (1) Court costs and fees, including reasonable attorney's fees;
>     (2) Exemplary damages in an amount not to exceed the greater of:
>         (i) $50,000; or
>         (ii) Three times the total of damages, costs, and fees; and
>     (3) Any equitable relief that the court considers appropriate.

Md. Code., Comm. Law § 11-1605(b). Defendant argues that a target must prevail and be awarded damages before attorney's fees may be awarded. Neither party cited, and the Court is unaware of, any case law interpreting § 11-1605(b). I therefore must turn to the tools of statutory construction and consider the plain language in the statute.[4] The statute provides "*[i]f* a target prevails in an action brought under this subtitle *and* is awarded damages, the court *also may* award . . . Court costs and fees, including reasonable attorney's fees." § 11-1605(b) (emphasis added). The plain language

---

[4] *See Kushell v. Dep't' of Natural Resources*, 870 A.2d 186, 193-94 (Md. Ct. App. 2005) ("Statutory construction begins with the plain language of the statute, and ordinary, popular understanding of the English language dictates interpretation of its terminology. . . . If statutory language is unambiguous when construed according to its ordinary and everyday meaning, then we give effect to the statute as it is written.").

indicates that damages are a prerequisite to an award of attorney's fees. I find that damages must be proven in order for Plaintiffs to also be awarded attorney's fees for the litigation of the bad faith claim under Maryland law.

Next, I must determine whether Plaintiffs have alleged damages in their Complaint based on their bad faith claim under Maryland law. The only allegations relating to damages under the Maryland claim are as follows:

- "Shipping & Transit's violations of the Act have damaged Plaintiffs by, among other things, forcing Cugle to spend time and energy addressing Shipping & Transit's unfounded claims, and diverting him from running his business." (Compl. at ¶ 243).

- "Plaintiffs were also required to incur the costs and attorneys' fees necessary to defend against the frivolous threats of patent infringement." (*Id.* at ¶ 244).

Plaintiffs have not, either in the Complaint or in their Response to the Amended Motion to Dismiss, attempted to quantify damages to Cugle based on his time and energy spent addressing Defendant's correspondence and claims of patent infringement. Plaintiffs instead focus on the attorneys' fees incurred in preparing the Complaint in this case and prosecuting this action against Defendant.

Section 1605 provides that "a target may bring an action in an appropriate court to recover for injury or loss sustained as a result of a violation of this subtitle." § 11-1605(a). Attorneys' fees incurred as a result of responding to correspondence sent by the patent holder would likely be damages caused by bad faith assertion. Plaintiffs do not, however, rely on attorneys' fees incurred responding to the Defendant's correspondence.[5] Rather, Plaintiffs rely on attorneys' fees incurred from, at the earliest, "pre-filing work":

---

[5] None of the attorney affidavits submitted suggest that counsel assisted Plaintiffs in responding to Defendant's correspondence leading up the filing of the Complaint. The Complaint alleges that Cugle himself, not his attorney, responded to Defendant.

7

> Prior to the filing of Plaintiffs' Complaint, I had spent 75.2 hours on this matter, which included pre-filing work such as reviewing the patents in suit, investigating the patent's file histories, prior art, expiration dates, Shipping & Transit's prior representations, client communications, and drafting the 45 page complaint and preparing its 27 exhibits. At a rate of $370 per hour my total fee through May 31, 2016 in this matter was $27,824.

(DE 34-3, Ranieri Aff., ¶ 12). Although Plaintiffs allege that Defendant sent Cugle a draft complaint alleging patent infringement on January 29, 2016 (Compl. at ¶ 132), Defendant did not file a lawsuit against Plaintiffs.[6] Instead, Plaintiffs filed a lawsuit on May 31, 2016.[7]

The only potential damages argued by Plaintiffs are the attorneys' fees and costs brought in prosecuting this bad faith claim. It is not clear whether attorneys' fees incurred for filing a bad faith claim would be considered damages caused by the bad faith assertion of a patent under Maryland law. Again, neither side submitted any case law interpreting this statute. Under Maryland law, the recoverable damages are described as "injury or loss sustained as a result of a violation" of § 1603, which provides that "[a] person may not make an assertion of patent infringement against another in bad faith." The statute also provides that attorney's fees may be awarded to a target *if* the target prevails *and* is awarded damages. § 1605 (emphasis added). Based on the plain language of the statute, and the fact that it allows for the recovery of attorney's fees in prosecuting a bad faith claim if damages are awarded, I find that attorneys' fees incurred in prosecuting a bad faith claim are not part of the damages for a § 1603 violation. Excluding the attorneys' fees for prosecuting this action, Plaintiffs have only alleged lost time and energy in corresponding with Defendant in January 2016.

---

[6] Attorneys' fees incurred in defending against a claim of patent infringement asserted in bad faith would also likely be damages under the Maryland statute.

[7] Defendant did not answer the Complaint, cross-claim, or otherwise argue that Plaintiffs infringed upon its patents in this action or attempt to defend its patents.

Because they have not alleged facts sufficient to demonstrate that they suffered any injury or loss exceeding over $75,000, Plaintiffs have not met their burden of proving the amount in controversy threshold to invoke the Court's diversity jurisdiction.

Plaintiffs have not demonstrated either that the parties are diverse or that the amount in controversy exceeds $75,000. For these reasons, the Court does not have diversity jurisdiction over the Maryland claim.

B. Supplemental Jurisdiction. Plaintiffs argue that, assuming there is no diversity jurisdiction, the Court has supplemental jurisdiction over the Maryland claim. Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* at § 1367(c). Although Plaintiffs argue that their Maryland claim is intertwined with their patent claims and that federal patent law would be helpful in analyzing the Maryland claim, the Court is unaware of any case law addressing the statute upon which the Maryland claim is based.

Additionally, all claims over which this Court had original jurisdiction have been dismissed.[8] I, therefore, decline to exercise supplemental jurisdiction over Plaintiffs' Maryland claim.

Accordingly, it is **ORDERED AND ADJUDGED**

1. Defendant's Amended Motion to Dismiss (DE 27) is **GRANTED**. Plaintiffs' Complaint is **DISMISSED** for lack of subject matter jurisdiction.

2. The Clerk of Court shall **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this __13__ day of September, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

[8] Plaintiffs argue that because I have jurisdiction to determine whether attorneys' fees should be awarded under 35 U.S.C. § 285, I have not dismissed all claims over which the Court had original jurisdiction. I have dismissed all of the federal claims, and any jurisdiction to determine the issue of attorneys' fees does not change that fact. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (explaining that district courts have jurisdiction to award costs as a "collateral issue" even after an underlying action is dismissed for lack of jurisdiction because a proceeding for an award of costs is an "independent proceeding supplemental to the original proceeding").