UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:16-CV-80855-MIDDLEBROOKS/BRANNON

TRIPLE7VAPING.COM, LLC,
and JASON W. CUGLE,

    Plaintiffs,

v.

SHIPPING & TRANSIT LLC,

    Defendant.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

THIS CAUSE comes before the Court on Plaintiffs' Motion to Amend the Complaint (DE 43). Defendant filed a response (DE 49), to which Plaintiffs replied (DE 53). For reasons stated below, the Motion to Amend the Complaint is granted.

On May 31, 2016, Plaintiffs Triple7Vaping.com, LLC ("Triple7") and Jason Cugle ("Cugle") filed this action, alleging claims for declaratory judgment of non-infringement and invalidity of four patents purportedly owned by Defendant Shipping and Transit, LLC ("S&T"). (DE 1, "Compl.", at Counts I-VIII). Plaintiffs also alleged a claim under Maryland law, specifically Maryland Commercial Law § 11-1603. (*Id.* at Count IX). Section 11-1603 provides that "[a] person may not make an assertion of patent infringement against another in bad faith." Md. Code, Comm. Law § 11-1603.

Defendant filed a Motion to Dismiss and an Amended Motion to Dismiss based on a covenant not to sue. After briefing, the Parties agreed that I had no subject matter jurisdiction over the patent claims (Counts I-VIII) as a result of the covenant not to sue. However, Plaintiffs argued

that the Court had jurisdiction over the Maryland claim based on diversity and, if diversity jurisdiction was lacking, the Court had supplemental jurisdiction over the Maryland claim. I granted the Amended Motion to Dismiss finding that there was no diversity jurisdiction and declining to exercise supplemental jurisdiction over the Maryland claim.

Plaintiffs filed a Motion to Amend the Complaint to correct the jurisdictional deficiencies. They seek to add allegations addressing the citizenship of the Parties, as well as to add allegations to establish the amount in controversy. Defendant opposes the Motion, arguing that any amendment is futile. They also argue that Plaintiff Triple7Vaping.com, LLC does not have standing in this action because the LLC is dissolved.

Leave to amend a party's pleading shall be "freely given when justice so requires." Fed.R.Civ.P. 15(a). While a court has discretion to deny a proposed amendment, it must provide a substantial reason for such a denial, because "Rule 15(a) severely restricts the district court's freedom." *Shipner v. Eastern Air Lines*, 868 F.2d 401, 407 (11th Cir. 1989) (noting that policy embodied in Federal Rules of Civil Procedure favors liberally permitting amendments). Factors which justify denial of a motion for leave to amend include undue prejudice to the opposing party, undue delay, bad faith on the part of the movant, futility, or repeated failure to cure deficiencies by previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001).

This is Plaintiffs' first request to amend their Complaint. While Defendant raises arguments that Plaintiffs will still not be able to prove the amount-in-controversy threshold, I will allow Plaintiffs to file an amended complaint and address that issue in any subsequent motion to dismiss. At a minimum, Plaintiffs seek to add allegations to address two shortcomings identified in my Order

Granting Amended Motion to Dismiss, specifically that the Parties are diverse and that Plaintiffs suffered damages in the form of attorneys' fees in responding to Defendant's correspondence.

Additionally, Defendant argues that Plaintiff Triple7Vaping.com, LLC has no standing to bring this action as a result of its dissolution. According to the proposed amended complaint, Triple7Vaping.com, LLC dissolved on the same day that Defendant sent its demand letter to Plaintiffs (the first alleged contact between Defendant and Plaintiffs). It is not clear whether Triple7Vaping.com, LLC has standing to bring a bad faith claim, which appears to have arisen after it dissolved.[1] However, that issue is better addressed after any amended complaint is filed.

Accordingly, it is **ORDERED AND ADJUDGED**

1. Plaintiffs' Motion to Amend the Complaint (DE 43) is **GRANTED.**

2. Any amended complaint must be filed **by December 20, 2016**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this _16_ day of December, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

[1] Whether Mr. Cugle has standing to bring a bad faith claim under Maryland law must also be addressed. It is alleged that Mr. Cugle was the only member of Triple7Vaping.com, LLC. (Pr. Am. Compl. ¶ 10). It is also alleged that he operates www.Triple7Vaping.com as a sole proprietorship "before during and after the legal existence of Triple7." (*Id.* at ¶¶ 13-14). It is not clear whether Mr. Cugle is bringing the claim on behalf of Triple7 or individually. The demand letter addressed "Triple7Vaping.com, LLC" as the patent infringer. (DE 43-4 at 6). Under Maryland law, section 1605 provides that "a target may bring an action in an appropriate court to recover for injury or loss sustained as a result of a violation of this subtitle." § 11-1605(a). Plaintiffs will have to satisfy the Court that Mr. Cugle was a "target" as defined in § 11-1605(a).