IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 16-CV-80855-DMM/DLB

**TRIPLE7VAPING.COM, LLC,**
**and JASON W. CUGLE**,

        Plaintiffs,

vs.

**SHIPPING AND TRANSIT, LLC**,

        Defendant.
_____/

**MOTION TO DISMISS FOR LACK OF STANDING AND/OR**
**MOTION FOR CORRECTION AND RECONSIDERATION**

Plaintiff brings this motion to dismiss for lack of Subject Matter Jurisdiction and/or for Correction and Reconsideration pursuant to Fed. R. Civ. P. 12(c), 12(h)(3) and 60(b)(1).

**PRELIMINARY STATEMENT**

Plaintiffs lack standing under Md. Code. Com. Law §§ 11-1601, et. seq. (the "Maryland Act"). Triple7 was dissolved before it received Defendant's demand letter and Plaintiff Cugle is not a "target." Md. Code Com. Law § 11-1603. Furthermore, it was either mistake or error for the Court to consider the Plaintiffs' alleged *pro bono* attorneys' fees as damages to establish "injury or loss" in determining the amount in controversy for purposes of diversity jurisdiction. Consequently, this action should be dismissed for lack of jurisdiction.

**FACTS**

    1.    According to the Amended Complaint:

        a.    On Dec. 29, 2015, Triple7 filed articles of cancellation with the Maryland Department of State which were recorded on Jan. 6, 2016. [DE 55 ¶ 11]. **Exhibit A**.

b. On Jan. 6, 2016, S&T sent a demand letter to Triple7 alleging that Triple7 infringed U.S. Pat. Nos. 7,400,970, 6,904,359, 6763,299 and 6,415,207. [DE 55 ¶¶ 69]. **Exhibit B**.

c. On Jan. 7, 2016, Cugle received the letter addressed to Triple7 and responded on behalf of Triple7 that he did not believe Triple7 infringed, because it sent its order confirmations manually and those confirmations did not provide a link to shipping information. [DE 55 ¶ 128].

d. On or about Jan. 13, 2016, Plaintiffs allegedly contacted the EFF in order to respond to the demand letter. [DE 55 ¶ 197(a)].

e. On or about Jan. 14, 2016, Defendant responded to Cugle that it would not pursue a claim against Triple7 if Triple7 verified that the process was manual and provided him with a proposed affidavit on behalf of Triple7 to that effect. [DE 55 ¶131] **Exhibits C& D**.

f. On Jan. 20, 2016, Defendant enquired as to the status of Cugle signing the proposed affidavit. [DE 55 ¶ 136]. **Exhibit E**.

g. On or about Jan. 25, 2016, the EFF began informally advising Plaintiffs' regarding the January 6 demand letter. [DE ¶ 197(b)].

h. On Jan. 29, 2016, Defendant sent Triple7 a draft Complaint naming Triple7 as defendant and inviting Triple7 to discuss. [DE 55 ¶ 137].

i. Plaintiffs believe that Defendant intended Plaintiff to believe a lawsuit had been filed against the company, Triple7. [DE 55 ¶ 147].

j.      On Feb. 3, 2015, a retainer agreement was signed retroactive to Jan. 25 , 2016 that formally engaged the EFF as counsel for Plaintiffs regarding the allegations of infringement made by Defendant. [DE 55 ¶ 197(c)].

k.      Between Jan. 25, 2016 and Feb. 9, 2016, Plaintiffs contend their counsel expended what they contend are the working equivalent of $14,365 in legal fees. [DE 55 ¶¶ 201]. Neither of Plaintiffs have paid this amount and neither Plaintiff has any obligation to ever pay this amount. *See* ¶ 5 below.

l.      Between Feb. 10, 2016 and May 30, 2016, Plaintiffs contend their counsel expended what they contend are the working equivalent of $15,175 in legal fees. [DE 55 ¶¶ 202]. Neither of Plaintiffs have paid this amount and neither Plaintiff has any obligation to ever pay this amount. *See* ¶ 5 below. *See* ¶ 5 below.

m.      Without any allegation that Plaintiffs' counsel ever informed the Defendant that they represented Plaintiffs, four (4) months later, on or about May 31, 2016, Plaintiffs filed this instant action against Defendant [DE 1] claiming that the Asserted Patents were invalid, non-infringed and were asserted in Bad Faith in violation of Maryland Commercial Law § 11-1601. [DE 55 ¶¶ 197(a)].

2.      Defendant provided Plaintiffs with a covenant not to sue and the Court dismissed the action. [DE 41].

3.      On or about Dec. 20, 2016, with leave of Court, Plaintiffs filed an Amended Complaint asserting only the Maryland Act claim under a new theory of diversity jurisdiction between the Plaintiffs and Defendant. [DE 55].

4.      The sole basis considered by the Court for the amount in controversy giving rise to diversity jurisdiction and the "injury or loss" to Plaintiff giving rise to their claim under the

3

Maryland Act alleged in the Amended Complaint are the *pro bono* attorneys' fees generated by Plaintiffs' counsel. [DE 62 at 10]. Plaintiffs do not otherwise apportion the time spent responding or the alleged attorneys' fees between the Plaintiffs.

5. Plaintiffs' attorneys' have filed affidavits with the Court that Plaintiffs are not and were never responsible for paying for any attorneys' fees. Plaintiffs did not aver any amount of other damages (except punitive damages derived from multiplying attorneys' fees) in the Amended Complaint. [DE 55, 62 at 10]. *See* **Exhibits E, F and G.**

**MEMORANDUM OF LAW**

> [E]very court has an independent duty to review standing as a basis for jurisdiction at any time, for every case it adjudicates.

*Florida Ass'n of Med. Equip. Dealers, Med-Health Care v. Apfel,* 194 F.3d 1227, 1230 (11th Cir. 1999) *citing FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 110 S.Ct. 596, 607–8, 107 L.Ed.2d 603 (1990). In considering whether or not it has subject matter jurisdiction, the court has the authority to "resolve factual disputes, along with the discretion to devise a method for making a determination with regard to the jurisdictional issue." *Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1170 (11th Cir. 2011); *see also Land v. Dollar,* 330 U.S. 731, 735, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947) ("As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." (quotation marks and citation omitted)).

> Under Maryland law, a forfeited corporation is considered non-existent. "[A]ll powers granted to [a corporation] by law, including the power to sue or be sued, [are] extinguished generally as of and during the forfeiture period."

*Lopez v. NTI, LLC*, No. CIV. A. DKC2008-1579, 2008 WL 5120542, at *5 (D.Md. Dec. 4, 2008) (internal citations omitted) *citing Mintec Corp. v. Miton,* 392 B.R. 180, 185 (D.Md. 2008) (quoting *Dual Inc. v. Lockheed Martin Corp.,* 383 Md. 151, 162, 857 A.2d 1095 (2004)); *See*

4

*also*, Md. Code Corps & Ass'ns § 3–503(d); *Presidents and Directors of Georgetown College v. Madden,* 505 F.Supp. 557, 602 (D.Md. 1980); *In re Hare,* 205 F.Supp. 881, 884 (D.Md. 1962).

A "'party invoking federal jurisdiction bears the burden' of establishing that he has standing to sue." *Am. Civil Liberties Union of Fla., Inc. v. Dixie Cnty., Fla.,* 690 F.3d 1244, 1247 (11th Cir. 2012) quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992); *See also, Klayman v. Obama*, No. 16-CV-80087, 2016 WL 4431530, at *2–3 (S.D. Fla. June 16, 2016). "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case . . . [N]o presumptive truthfulness attaches to plaintiffs allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue." *Holliday v. Albion Labs., Inc.,* No. 9:14-CV-81294, 2015 WL 10857479, at *2 (S.D. Fla. June 9, 2015) *quoting Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990) (quotation omitted).

### A. This Court lacks Subject Matter Jurisdiction Over Triple7, Because Triple7 is a Dissolved Company and Does Not Have Standing Pursuant to the Maryland Act.

At all relevant times of this matter, Plaintiff Triple7 was no longer a Maryland company and could not incur damages or seek damages for any alleged wrong. [DE 55 ¶ 11][1] Plaintiffs argue in their Amended Complaint that despite Triple7's dissolved status, they can now file suit, relying upon Maryland Law § 4A-908(b).

However, in their Amended Complaint Plaintiffs omit the full language of § 4A-908(b):

> (b) Winding up. -- Notwithstanding the filing of articles of cancellation, the limited liability company continues to exist for *the purpose of paying, satisfying, and discharging any existing debts or obligations, collecting and distributing its assets, and doing all other acts required to liquidate and wind up its business and affairs*.

---

[1] According the Amended Complaint, the Articles of Cancellation were signed by Cugle on Dec. 29, 2016, and recorded on Jan. 6, 2016. Triple7 received the demand letter on Jan. 7, 2016.

§ 4A-908(b) (emphasis added). Thus, like a Maryland corporation after its dissolution, a limited liability company cannot maintain an action to enforce rights acquired during the life of its charter, much less those that could have arisen afterwards. *Id. Cf.* § 3A-408(b). The long standing law in Maryland is that

> [a]fter a corporation has become effectually dissolved in any mode known to the law, its power to sue or be sued, either in actions in personam or in rem, in its corporate name is extinguished; nor can it thereafter be brought in and joined as a party plaintiff or defendant in an action brought by or against another. A dissolved corporation has no standing in court or power to make any motion regarding prosecution or disposal of an independent suit against it.

*Atl. Mill & Lumber Realty Co. v. Keefer*, 179 Md. 496, 499–501 (Md. 1941).

Furthermore, "a director of a voluntarily-dissolved Maryland corporation can be sued only in the name of the corporation." *Teamsters Local 639Employers, Health Trust v. Hileman*, 988 F. Supp. 2d 18, 29 (D.D.C. 2013). The purpose of § 4A-908(b) is to allow a dissolved/terminated company to continue to exist for some period of time after being dissolved/terminated, in order to pay off/satisfy or discharge any debts and obligations, as well as "collecting and distributing its assets, *and all other acts required to liquidate and wind up business and affairs*." § 4A-908(b) (emphasis added). Nowhere in the language of § 4A-908(b) does it allow for a dissolved company to seek affirmative relief, nor pursue causes that allegedly arose after it was dissolved. There is no plausible argument that any relief that the Plaintiff seeks herein is to ". . . liquidate and wind up its business and affairs." § 4A-908(b). Consequently, Triple7 lacks standing to bring this action, and its claim should be dismissed for want of jurisdiction.

### B. This Court Also Lacks Subject Matter Jurisdiction, Because Neither the Triple7 Company nor Jason Cugle are a "Target" as Defined Under the Maryland Act.

The Maryland Act allows "targets" to seek damages for alleged assertions of patent infringement made in bad faith. The Maryland Act defines "target" as a person:

> (1) Who has received a demand letter or against whom an assertion of patent infringement has been made;
>
> (2) Who has been threatened with litigation or against whom a lawsuit has been filed alleging patent infringement; or
>
> (3) Who has at least one customer who has received a demand letter asserting that the person's product, service, or technology has infringed a patent.

Md. Code. Com. Law § 11-1602.

According to the Amended Complaint, the action arose because of the Notice Letter [DE 55-6] sent by Defendant to Triple7 alerting it to the likelihood of infringement. What is noticeably absent from the Amended Complaint, and critical to Cugle having standing are any allegations of "bad faith" threats from Defendant directed at Cugle himself. Neither Cugle personally, nor his operation of the website were accused of infringement. Rather, it was Triple7's particular method of shipping and tracking of merchandise that was the basis of the accusation against Triple7.[2]  As explained above, at the time the letter was sent and received, Triple7 was legally dissolved. Triple7 could not have been a target. Even if Cugle was operating Triple7 as sole proprietorship --- the accusations from Defendant were only directed to the limited liability company not the alleged sole proprietorship. When an exhibit is attached to a pleading it becomes part of the pleading for "all purposes." Fed. Civ. P. 10(c). "It is well settled in this Circuit that where there is a conflict between the allegations in a complaint and the

---

[2] Notably, contrary to Defendant's statement that Triple7 did not have an automated order and tracking system the Triple7 website clearly said it was an automated process. Defendant indicated that it agreed that a manual process would not violate the patents. **Exhibit C**.

7

exhibits attached to it, the exhibits control." *Getchell v. Bank*, No. 6:15-CV-1702-ORL-TBS, 2015 WL 9269418, at *1 (M.D. Fla. Dec. 21, 2015) *citing Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). Consequently, this suit should be dismissed, with prejudice, because neither Plaintiff has standing.

  **C.** **The Court Erred in Determining the Amount Plausibly in Controversy, Consequently the Case Should be Dismissed.**

The Maryland Act provides:

[A] target may bring an action in an appropriate court to recover for ***injury or loss*** sustained as a result of a violation of this subtitle.

(b) If a target prevails in an action brought under this subtitle ***and is awarded damages***, the court also may award:

  (1) Court costs and fees, including reasonable attorney's fees;

  (2) Exemplary damages in an amount not to exceed the greater of:

    (i) $50,000; or

    (ii) Three times the total of damages, costs, and fees; and

  (3) Any equitable relief that the court considers appropriate.

Md. Code Com. Law § 11-1605.

Thus, before awarding either Plaintiff attorneys' fees, the Court must find that each Plaintiff suffered an injury or loss protected by the statute. Then, the Court has discretion to also award reasonable attorneys' fees, exemplary damages and equitable relief only to the Plaintiff suffering an actual *injury or loss*. *Cf. Barnes v. Rosenthal Toyota, Inc.*, 126 Md.App. 97, 103 (Md. 1998). Here the attorneys' fees allegedly incurred by Plaintiffs are not an *injury or loss* under the statute and regardless are objectively unreasonable. Consequently, neither Plaintiff plausibly alleged an injury or loss or the respective over $75,000 in controversy to establish diversity jurisdiction.

8

1. **The Case Should be Dismissed, Because Attorneys' Fees Are Not Damages Under the Maryland Act.**

In order to recover attorneys' fees under the Maryland Act, a prevailing Plaintiff must not only establish that it was a target of a bad first accusation of patent infringement, it must also establish damages from an *injury or loss*. See Md. Code Com. Law §§ 11-1603, and, 11-605. Neither Plaintiff has pled any cognizable injury or loss. "Maryland follows the American rule of attorneys' fees, which 'stands as a barrier to the recovery, as consequential damages, of foreseeable counsel fees." *B & P Enter. v. Overland Equip. Co.,* 133 Md. App. 583, 620–21 (2000) (internal quotation omitted). "Requiring actual injury in private suits strikes an important balance between two competing legislative objectives: preventing unfair or deceptive practices while precluding aggressive, 'self-constituted private attorneys general' from bringing suit 'over relatively minor statutory violations.'" *Butler v. Wells Fargo Bank, N.A.*, No. CIV.A. MJG-12-2705, 2013 WL 3816973, at *3 (D. Md. July 22, 2013) *quoting Marchese v. JPMorgan Chase Bank, N.A.,* CIV.A. GLR–12–1480, 2013 WL 136427, at *12 (D.Md. Jan. 8, 2013) *quoting Citaramanis v. Hallowell,* 613 A.2d 964, 968 (Md. 1992).

> Attorney's fees may be recovered by a successful plaintiff under the MCPA, but are not themselves damages.

*Darby v. PNC Mortg., Nat'l Ass'n*, No. CV DKC 16-0210, 2016 WL 7212568, at *5 (D. Md. Dec. 13, 2016); Md. Code Com. Law § 11-1605(b); *Cf.* Md. Code Com. Law § 13-408(b) Plaintiffs each fail to allege any *injury or loss* under the Maryland Act. Consequently, the case should be dismissed under 12(b)(1) and (6).

### 2. Moreover, the Case Should Be Dismissed, Because Plaintiff Never Incurred Any *Injury or Loss* in Having to Pay Any Attorneys' Fees.

Plaintiffs have admitted that they were not and are not obligated to pay its counsel to represent it in this matter. For a complaint to adequately plead damages under the Maryland Act or the MCPA it must contain "plausible allegations that the plaintiff relied upon the defendant's false or misleading statements and suffered ***actual loss or injury*** *as a result* of that reliance." *Butler v. Wells Fargo Bank, N.A.*, No. CIV.A. MJG-12-2705, 2013 WL 3816973, at *3 (D. Md. July 22, 2013) *citing Green v. Wells Fargo Bank, N.A.,* CIV.A. DKC 12–1040, 2013 WL 766196, at *8–10 (D.Md. Feb. 27, 2013) (emphasis from original expanded). Butler distinguished *Allen, Marchese,* and *Piotrowski*, because "[i]n each of those cases, the plaintiff had made payments under a TPP agreement or other modified plan, received inconsistent communication from the mortgage servicer regarding a permanent modification or loan reinstatement, and claimed to have suffered resulting injury in the form of lower credit scores, lost time at work, and emotional distress." *Butler v. Wells Fargo Bank, N.A.*, No. CIV.A. MJG-12-2705, 2013 WL 3816973, at *6 (D. Md. July 22, 2013); *See also, Darby v. PNC Mortg., Nat'l Ass'n*, No. CV DKC 16-0210, 2016 WL 7212568, at *5 (D. Md. Dec. 13, 2016). Here for the Court to consider Defendant's *pro bono* attorneys' fees as damages would go against the Maryland's policy of the American rule and to require actual injury to preclude "'self-constituted private attorneys general' from bringing suit 'over relatively minor statutory violations." As the Court noted in granting Plaintiff's Amended Motion to Dismiss the original Complaint Plaintiffs have failed

> to quantify damages to Cugle based on his time and energy spent addressing Defendant's correspondence and claims of patent infringement. Plaintiffs instead focus on the attorneys' fees incurred in preparing the Complaint in this case and prosecuting this action against Defendant . . . None of the attorney affidavits submitted suggest that counsel assisted Plaintiffs in responding to Defendant's

10

> correspondence leading up the filing of the Complaint. The Complaint alleges that Cugle him self, not his attorney, responded to Defendant.

[DE 41 at 7 and fn 5].

> Based on the plain language of the statute, and the fact that it allows for the recovery of attorney's fees in prosecuting a bad faith claim if damages are awarded, *I find that attorneys' fees incurred in prosecuting a bad faith claim are not part of the damages for a 1603 violation*. Excluding the attorneys' fees for prosecuting this action, Plaintiffs have only alleged lost time and energy in corresponding with Defendant in January 2016. Because they have not alleged facts sufficient to demonstrate that they suffered any injury or loss exceeding over $75,000, Plaintiffs have not met their burden of proving the amount in controversy threshold to invoke the Court's diversity jurisdiction.

[DE 41 at 8-9] (emphasis added). However, in denying the motion to dismiss the Amended Complaint the Court relied on *Marchese,* and *Piotrowski* for the proposition that Maryland law would allow recovery of attorneys' fees as part of the damages. As explained in *Butler v. Wells Fargo Bank, N.A.*, No. CIV.A. MJG-12-2705, 2013 WL 3816973, at *3 (D. Md. July 22, 2013) the *pro bono* attorneys fees alleged by Defendants neither arose out of Defendant's *reasonable reliance* upon Plaintiff's demand nor constitute the type of *loss or injury* contemplated by the statute. Although *Marchese* and *Piotrowski* mention attorneys' fees in passing along with other damages potentially recoverable through the end of an action under the MCPA, it is clear that attorneys' fees in prosecuting the action are not *injury or loss* under the statute, but "are a collateral matter that may be sought ***after judgment*** on the underlying claim." *Barnes v. Rosenthal Toyota, Inc.*, 126 Md.App. 97, 103 (Md. 1998) (emphasis added); *See, also, Darby v. PNC Mortg., Nat'l Ass'n*, No. CV DKC 16-0210, 2016 WL 7212568, at *5 (D. Md. Dec. 13, 2016). Consequently, this case should be dismissed for also failing to meet the amount in controversy.

3. **Notwithstanding the Foregoing, Plaintiffs' Attorneys Allegedly Incurring Approximately $30,000 in *Pro Bono* Attorneys' Fees Without Contacting Defendant or Its Attorneys is Objectively Unreasonable and <u>Demonstrates a *Prima Facie* Willful Failure to Mitigate.</u>**

> The sufficiency of the evidence presented [regarding] attorneys' fees must be more than simply the number of hours worked, but less than a line by line analysis of services rendered . . . A fee is not justified by a mere compilation of hours multiplied by fixed hourly rates or bills issued to the client; *a request for fees must specify the services performed, by whom they were performed, the time expended thereon, and the hourly rates charged;* it is incumbent upon the party seeking recovery to present detailed records that contain the relevant facts and computations undergirding the computation of charges; without such records, the reasonableness, *vel non,* of the fees can be determined only by conjecture or opinion of the attorney seeking the fees and would therefore not be supported by competent evidence. Once this evidence is established, the circuit court must then "evaluate the reasonableness of the fee request," which includes consideration of the criteria outlined in Maryland Rule of Professional Conduct 1.5.

*Glesner v. Baer*, No. 0857 SEPT.TERM 2014, 2015 WL 7162010, at *4–6 (Md. Ct. Spec. App. Nov. 13, 2015), *cert. denied sub nom. Glesner v. USA Cartage Leasing*, 446 Md. 292, 132 A.3d 194 (2016) (internal citations and quotations omitted) (emphasis in the original). Here Plaintiffs allege that on day one, when Triple7 received the demand letter, Cugle (a non-lawyer) knew Triple7 did not infringe as alleged in the letter, because Triple7's system was manual. Despite Plaintiffs' allegations that in response to Cugle's day one communication Defendant agreed it would not pursue a claim against Triple7 if Cugle, as CEO of Triple7, verified that his system was not automated as it stated on his website [DE 55 ¶ 131], neither Plaintiffs nor their attorneys informed Defendant that Plaintiffs were represented, or that Triple7 was dissolved. The complete failure of Plaintiffs attorneys' to notify Defendant that they represented the Plaintiffs and that they would be pursing attorneys' fees (and punitive damages quadrupling those attorneys fees) to prepare this action, which they have also been litigating through the press, evidences on the face of the Complaint objective unreasonableness and failure to mitigate attorneys' fees as

foreseeable consequential damages.[3] Consequently, because Defendant's attorneys' fees are not plausibly reasonable given the allegations of the Amended Complaint it should be dismissed.

### CERTIFICATION OF GOOD FAITH CONFERENCE

Pursuant to S.D. Fla. L.R. 7.1.A.3, Plaintiff's counsel conferred with counsel for the Defendant in a good faith effort to resolve the issues raised, but Defendant refuses to withdraw or amend its pleading.

Dated: February 28, 2017            Respectfully submitted,

s/ Jason P. Dollard

JASON P. DOLLARD, FBN: 0649821
jdollard@jpdesq.com
Leslie Robert Evans & Associates, PA
214 Brazilian Avenue, Suite 200
Palm Beach, FL 33480
Telephone: (561) 832-8322
Facsimile: (561) 832-5722

**Counsel for Plaintiff,
Shipping & Transit, LLC**

---

[3] It should be noted that Defendants' attorneys, admit to taking this case *pro bono* and advancing costs to pursue this action, and have been very publically trying to "bust" Defendant's patents for many years before meeting Cugle. *See* Julie Samuels, Help EFF Bust the Dangerous Jones Patent, available at: https://www.eff.org/deeplinks/2012/03/help-eff-bust-dangerous-jones-patent (March 1, 2012) (last accessed Feb. 27, 2017); Kamdar, Adi,  30+ Examples of Prior Art to Help Combat ArrivalStar's Patent available at: https://www.eff.org/deeplinks/2012/12/thirty-examples-prior-art-combat-arrivalstars-patent (Dec. 12, 2012) (last access Feb. 27, 2017); EFF's Reexamination Request for ArrivalStar patent available at https://www.eff.org/document/reexamination-request-arrivalstar-patent  (Sep. 14, 2012)  (last accessed Feb. 27, 2017). *See,* **Exhibits F-K**

**CERTIFICATE OF SERVICE**

 I hereby certify that on February 28, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day, in manner listed below.

**Julie S. Turner**
Turner Boyd, LLP
702 Marshall Street
Suite 640
Redwood City, CA
650-521-5933
Email: turner@turnerboyd.com
*ATTORNEY  TRIPLE7VAPING.COM, LLC and JASON CUGLE*
*PRO HAC VICE*

**Vera Ranieri**
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
Email: vera@eff.org
*ATTORNEY  TRIPLE7VAPING.COM, LLC and JASON CUGLE*
*PRO HAC VICE*

**Matthew S. Sarelson**
Kaplan Young & Moll Parron
600 Brickell Avenue
Suite 1715
Miami, FL 33141
305-330-6090
Email: msarelson@kymplaw.com
*ATTORNEY  TRIPLE7VAPING.COM, LLC and JASON CUGLE*